[No. 3787.]

## CARLTON V. CONE.

MINING PARTNERSHIP—*Authority of Partner.* The managing member of a mining partnership has no implied authority to execute a promissory note in the firm name for his private debt; nor for money borrowed on account of the partnership, where the operations of the partnership are highly profitable, and there is no occasion for the loan. (60.)

*Appeal from Teller District Court.* HON. JAMES OWEN Judge.

MR. THORNTON H. THOMAS, MR. ARTHUR B. WEST, MR. DUDLEY W. STRICKLAND and MR. WILLIAM V. HODGES, for appellant .

MESSRS. BOUGHTON & ALTER, for appellee.

KING, J., delivered the opinion of the court.

· Annie E. Cone, appellee, commenced her action against H. P. Dahl, praying for a dissolution of an alleged partnership and accounting of the partnership transactions. Albert E. Carlton, appellant, intervened as claimant for a large sum upon two promissory notes which he claimed was a partnership liability. Appellee denied such liability.

The complaint in this case alleges, the answer admits, and the evidence shows, that Annie E. Cone, appellee, and H. P. Dahl had been working a mine under lease, under circumstances and conditions from which the law implies the relation of a mining partnership as between the two. During the time they were so operating the mine, Dahl borrowed money from appellant, for which at first he gave his individual notes, to one of which he afterwards signed the name "Dahl & Co.," and assigned and delivered to said Carlton certain insurance policies written in favor of Dahl & Co. covering property of the mining partnership. The controversy herein to be determined arises over the ques-

tion as to whether the said Cone and the said Dahl, as partners, are liable for the payment of said notes, and whether the appellant can collect and retain the proceeds of the policies of insurance. The evidence is sharply conflicting, but where in conflict the court found in favor of appellee. The court made findings of fact, in substance: (1) That the notes in dispute were not given in payment of partnership debts, nor for money used in the partnership operations, but for the individual debts of said Dahl; that Mrs. Cone did not authorize Dahl to borrow the money or execute the notes, or assign the insurance policies, and did not ratify the same. (2) That Dahl and Cone were mining copartners only. Thereupon the court held, as a matter of law, that Dahl had no power, as such partner, to borrow the money, execute the notes, or assign the policies of insurance so as to bind the partnership or the appellee.

The brief of appellant is addressed chiefly to a discussion of error assigned on the second finding of fact and the conclusion of law thereon; but as we think the cause may, and should be, determined upon the first finding of fact and the law applicable thereto, we will consider that only.

The evidence tended to show that Dahl was the managing partner in the operation of a mine under the lease in which he and Mrs. Cone were interested; that at the same time, or during a portion of the time, that they were so working that mine, Dahl was also superintendent of another mine which had belonged to Dr. Cone, deceased husband of appellee, and managing another lease for the estate of Dr. Cone, of which Mrs. Cone was executrix, and that Dahl was also interested in other operations on his own behalf, or, at least, in which Mrs. Cone had no interest; that at divers times Dahl had borrowed money from Carlton, or the bank in which he was interested, for which he gave his individual notes; that shortly before this suit was instituted Dahl executed his note for $4,000 in payment of

other notes which he had given, and perhaps for some additional money, and some time thereafter delivered, as security for the note, the insurance policies involved in the litigation. When the insurance policies were delivered, appellant noticed that they were in the name of "Dahl & Co.," and then, upon inquiry of Dahl, he for the first time discovered that Mrs. Cone was interested in the operation of the lease and the property insured, and, upon Carlton's request, Dahl signed the name "Dahl & Co." to the notes; that soon after Dahl gave another note for the sum of $1,500, these being the notes in controversy. If Mrs. Cone's testimony is credited (and the trial judge gave her credit), she did not know that the money was borrowed or the notes executed, or insurance policies assigned, until after this suit against Dahl was instituted by her for an accounting and dissolution of the partnership. It also appears, and the court found, that about the time of the creation of the indebtedness the operations of the lease were highly profitable, and there was no occasion for borrowing money in that behalf. We think there is sufficient evidence to support the finding of fact, made by the trial court, that the debt represented by the notes was not a partnership debt; that in loaning the money appellant did not rely upon the credit of the partnership or of the appellee; that she did not authorize Dahl to borrow the money, or execute the notes in the firm name, or for the firm's credit or use, and that she did not ratify Dahl's acts; and therefore the judgment should be affirmed.

*Affirmed.*

Decided December 14, A. D. 1914. Rehearing denied March 8, A. D. 1915.